UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ODAY KHALASAWI (D-4),

        Defendant.

_____/

Case No. 11-20492

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [142]**

On December 20, 2012, Defendant Oday Khalasawi pled guilty to one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4). (ECF No. 97.) On February 23, 2015, Defendant was sentenced to 37 months of imprisonment on Count 3 and 38 months on Count 4, to be served consecutively, followed by a term of 48 months of supervised release. (ECF No. 119.) Defendant was released from imprisonment in February 2020 and began his term of supervised release then. He now moves for early termination of supervised release. (ECF No. 142.) Defendant states he has reconnected with his family, obtained a job, and rediscovered his hobbies. He states he wishes to do more, such as travel and engage in more diverse activities, and that early termination of supervised release will show his rehabilitation has been successful.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the

1

interest of justice." Additional factors the Court considers are the sentencing factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* § 3583(e). "[G]enerally, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotation marks, citation, and italics omitted).

Here, Defendant has served only approximately half of the 48-month term of supervised release the Court imposed. And there are no new or unforeseen circumstances that warrant early termination of that term. While the Court commends Defendant on his compliance with the conditions of supervised release and efforts towards positive rehabilitation, this is not sufficient for early termination of Defendant's supervised release under the circumstances. Accordingly, Defendant's motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 22, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager